# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# EAST SAINT LOUIS DIVISION

| | |
|---|---|
| Javonda Quinn<br><br>      Plaintiff,<br><br>v.<br><br>Commercial Recovery Systems, Inc.<br><br>      Defendant. | Case No.  3:11-cv-01098<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in East Saint Louis, IL at all times relevant to this action.

2. Defendant is a Texas corporation that maintained its principal place of business in Dallas, TX at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to HSBC, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around August 18, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt.  During this communication, Defendant's representative "Terry Moss" threatened to sue Plaintiff if Plaintiff failed to set up a payment arrangement with Defendant by August 31, 2011.  As a result of the this threat, Plaintiff set up a payment arrangement with Defendant.

14. On or around August 31, 2011, Plaintiff telephoned Defendant. During this communication, Defendant's representative "Mr. Andrews" threatened to sue Plaintiff and if Plaintiff did not double the amount of Plaintiff's payment arrangement with Defendant, a claim would be filed in court

15. At the time of the above communications, Defendant had neither the intent nor ability to sue Plaintiff.

16. Defendant caused Plaintiff emotional distress.

17. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

18. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

19. In support hereof, Plaintiff incorporates paragraphs 13-15 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Defendant violated 15 U.S.C. §1692er by threatening to take action that cannot legally be taken or that was not intended to be taken.

21. In support hereof, Plaintiff incorporates paragraphs 13-15 as if specifically stated herein.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY BANKRUPTCY LAW, P.C.

By: /s/ Nicholas J. Prola
    Nicholas J. Prola
    Macey Bankruptcy Law, P.C.
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 1.866.339.1156
    nprola@maceybankruptcylaw.com
    Attorneys for Plaintiff